UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

| | | |
|---|---|---|
| WALDEMARA MARTIN and LEANDRO VALENTIM – PUTATIVE CLAIMS REPRESENTATIVES AND THOSE SIMILARLY, SITUATED, | ) ) ) ) ) | Civil Action No. 14-cv-40095-NMG |
| Plaintiffs, | ) ) | Adv. No. 14-04044 |
| v. | ) ) | **LEAVE TO FILE** |
| TELEXFREE, INC., et al., | ) ) | **GRANTED AUGUST 26, 2014** |
| Defendants. | ) ) | |

_____  )

## MIDDLESEX SAVINGS BANK'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO WITHDRAW THE REFERENCE

Defendant Middlesex Savings Bank ("Middlesex Savings") hereby submits this Memorandum of Law in Support of Plaintiffs' Motion to Withdraw the Reference (the "Motion"). In support of the Motion, Middlesex Savings states as follows:

The instant action is one of six substantively identical complaints filed by various plaintiffs seeking damages arising out of an alleged Ponzi pyramid scheme perpetrated by TelexFree, LLC, TelexFree, Inc., and TelexFree Financial, Inc. and related entities. In addition to this complaint, a second adversary proceeding has been filed in this Court and is captioned as Cellucci, on behalf of himself and all others similarly situated v. Telexfree et al., Civil Action No. 14-ap-04057 (D. Mass.). Four actions have been filed in various federal district courts as follows:

- Ferguson et al. v. Telexelectric, LLLP et al., Civil Action No. 5:14-cv-00316-D (Eastern District of North Carolina);

- Cook, on behalf of himself and all other similarly situated v. TelexElectric, LLLP, et al., Civil Action No. 2:14-cv-00134 (Northern District of Georgia);

13095782-v2

- Reverend Jeremiah Githere, et al. v. TelexElectric, LLP, et al., Civil action No. 14-12825 (D. Mass.);

- Guevara v. Merrill, et al., Civil Action No. 1:14-cv-22405 (Southern District of Florida).

All of these actions assert causes of action for, among others, fraud, intentional misrepresentation, federal and state securities violations, and violations of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.*  In the instant action, the Plaintiffs have asserted the following causes of action:

- Count I – Violations of Section 10(B) of the Securities and Exchange Act of 1934 and Securities and Exchange Commission Rule 10B-5;

- Count II – Violations of Section 20(A) of the Securities and Exchange Act of 1934 and Section 15 of the Securities Act of 1933;

- Count III – Violations of Sections 5 and 12(A)(L) of the Securities Act of 1933;

- Count IV – Violations of Section 11 of the Securities Act of 1933;

- Count V – Violations of Section 12(A)(2) of the Securities Act of 1933;

- Count VI – Violations of Massachusetts General Laws, Chapter 110A, Section 410(A);

- Count VII – Violations of Massachusetts General Laws, Chapter 110A, Section 410(B);

- Count VIII – Negligence;

- Count IX – Negligent Misrepresentation;

- Count X – Intentional Misrepresentation;

- Count XI – Professional Malpractice;

- Count XII – Breach of Fiduciary Duty;

- Count XIII – Breach of the Covenant of Good Faith and Fair Dealing;

- Count XIV – Unjust Enrichment;

- Count XV – Fraud;

- Count XVI – Aiding and Abetting Fraud;

- Count XVII – Common Law Fraudulent Transfer;

- Count XVIII – Deepening Insolvency;

- Count XIX – Civil Conspiracy;

- Count XX – Conversion;

- Count XXI – Violations of Massachusetts General Laws, Chapter 93A, Section 2;

- Count XXII – Violations of the Racketeer Influenced and Corrupt Organizations Act; and

- Count XXIII -- Violations of the Lanham Act.

Pursuant to 28 U.S.C. § 157(d) "[w]ithdrawal of the reference is mandatory for proceedings that require consideration of both bankruptcy law and other, non-bankruptcy federal law that affects interstate commerce." Lacey v. BAC Home Loans Servicing, LP (In re Lacey), 2011 Bankr. LEXIS 4179, *24 (Bankr. D. Mass. Oct. 27, 2011).  Plaintiffs' claims pursuant to the Securities and Exchange Act of 1934, the Securities Act of 1933, the Securities Act of 1934, the Securities and Exchange Commission Rules, the Lanham Act, and the Racketeer Influenced and Corrupt Organizations Act all require "consideration of . . .  other laws of the United States regulating organizations or activities affecting interstate commerce," particularly since Plaintiffs have alleged that "Defendants have directly or indirectly, made use of the means of [sic] instrumentalities of interstate commerce and of the mails" in connection with the causes of action asserted." See, e.g, Plaintiffs' Complaint, ¶ 39.  As a result, withdrawal of the reference for those causes of action is required by the statute.  See 28 U.S.C. § 157(d).

Even if mandatory withdrawal is not appropriate, which Middlesex Savings does not concede, permissive withdrawal would be appropriate in the instant case.  Section 157(d) "provides that the reference may be withdrawn in the exercise of the district court's discretion "for cause shown.  In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors."  Lacey v. BAC Home Loans Servicing, LP (In re Lacey), 2011 Bankr. LEXIS 4179, *23 (Bankr. D. Mass. Oct. 27, 2011).  In the instant case, permissive withdrawal is clearly justified – judicial economy is best served by allowing this case to be determined by the District Court.

Pursuant to 28 U.S.C. § 157(b)(1) and §158, the Bankruptcy Court has jurisdiction to adjudicate all core proceedings, as defined, and "may enter appropriate orders and judgments," subject only to a deferential review.  28 U.S.C. §§ 157(b)(1), 158.  However, with respect to non-core claims the Bankruptcy Court is empowered only to make recommended findings of fact and conclusions of law, which are subject to a *de novo* review in the District Court, which then exercises its final adjudicative power.  28 U.S.C. § 157(c)(1) and (2).  Thus, whether this matter properly belongs in the Bankruptcy Court or the this Court turns on whether the stated causes of action are properly defined as core proceedings or non-core proceedings.

All of the causes of action asserted here are non-core proceedings as defined by 28 U.S.C. § 157.  See also In re Arnold Print Works, Inc., 815 F.2d 165, 166-7 (1st Cir. 1987). Core proceedings are defined as those which are integral to the core bankruptcy function of restructuring debtor-creditor rights.  In re Arnold Print Works, Inc., 815 F.2d at 166-7.  In Ralls v. Docktor Pet Centers, Inc., 177 B.R. 420, 424 (D. Mass. 1995), the Court (Tauro, C.J.) held that non-core proceedings are state or federal claims that arise between parties within a

bankruptcy proceeding.  Citing the First Circuit case of In re G.S.F. Corp., 938 F.2d 1467, 1475

(1st Cir. 1991), the Court explained that non-core proceedings "are claims that do not stem from

the Code itself, but potentially have some effect on the bankruptcy estate, such as altering

debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the

handling and administration of the bankrupt estate."  Ralls, 177 B.R. at 424.  The Court goes on

to specify that

> If an action would survive outside of bankruptcy, and in the
> absence of bankruptcy would have been initiated in a state or a
> district court, then it clearly involves a non-core matter….
> Generally, **if the claims could have been brought before the
> filing of the bankruptcy petition, the claims are non-core.**

Id. 425.  (Emphasis added).

As the Court noted in Ralls, and the First Circuit made clear in In re Arnold Print Works,

Inc., 815 F.2d at 165, "the bankruptcy courts are without power to adjudicate a suit seeking pre-

petition debts."  Ralls, 177 B.R. at 425 (citing In re Arnold, 815 F.2d at 165).  The causes of

action asserted by the Plaintiffs in this action accrued *before* the debtors filed this bankruptcy

petition and, as a result, "are wholly unrelated to the bankruptcy."  Ralls, 177 B.R. at 426 n. 7.

Under the rule set out in 28 U.S.C. §§ 157 and articulated in Ralls and Arnold, all of the causes

of actions asserted by the Plaintiffs in the instant action (and, for that matter, in the substantively

identical actions currently pending in the district courts) are properly characterized as non-core

proceedings.

As a result, the Bankruptcy Court is not empowered to finally adjudicate this action.

Therefore, if this action remains in the Bankruptcy Court, the District Court will be required to

review and approve any findings or conclusions from the Bankruptcy Court prior to the entry of

final judgment.  If the trial is conducted in the Bankruptcy Court, the District Court will be

forced to review the Bankruptcy Court's findings without the benefit of having heard the

evidence first-hand.  This will essentially require the Defendants in this actions, including

Middlesex Savings, to litigate common questions of fact and law at least twice.  That is not an

efficient use of the Court's nor the parties' resources.  This is particularly true in light of the

substantively identical actions already pending in the district courts.  There is currently pending

in this action a Motion to Transfer ("Transfer Motion") filed with the United States Judicial

Panel on Multidistrict Litigation ("JPMDL"), docketed at MDL No. 2566, which seeks an order

transferring this case and the five other similar class action cases to the JPMDL.  Retention of

this case by the Bankruptcy Court will likely prevent its transfer to the JPMDL and will create

the highly inefficient and incongruous prospect of litigation of the same claims in a consolidated

District Court action *and* in the Bankruptcy Court, the latter of which would then be subject to a

further *de novo* review in the District Court.  As a result, permissive withdrawal of the reference

is appropriate pursuant to 28 U.S.C. § 157(d).

WHEREFORE, for the reasons set forth herein, Middlesex Savings Bank respectfully

requests that this Court grant the Motion to Withdraw the Reference.

**MIDDLESEX SAVINGS BANK**
By its attorneys,

/s/ Kendra L. Berardi
Lawrence P. Heffernan (BBO #228660)
lheffernan@rc.com
Danielle Andrews Long (BBO # 646981)
dlong@rc.com
Kendra L. Berardi (BBO # 672626)
kberardi@rc.com
Robinson & Cole LLP
One Boston Place, 25th Floor
Boston, MA 02108
Tel: (617) 557-5900
Fax: (617) 557-5999

Dated: August 26, 2014

**CERTIFICATE OF SERVICE**

I, Kendra L. Berardi, hereby certify that, on August 26, 2014, a copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified in the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants via First Class mail on this date.

/s/ Kendra L. Berardi
Kendra L. Berardi